[No. 22252.   Department One.   April 18, 1930.]

MARTIN HOLM, *Respondent*, v. H. C. MALOTT *et al.,*
*Appellants.*[1]

*James R. Gates,* for appellants.
*E. E. Wager,* for respondent.

TOLMAN, J.—This is an appeal from a judgment
based upon the verdict of a jury, and the principal as-

[1]Reported in 287 Pac. 11.

signments of error relate to the admission of evidence and to the sufficiency of the evidence to take the case to the jury.

It appears that the appellant Malott entered into a contract with the commissioners of Kittitas county to construct a piece of road, some three miles in length, according to the plans and specifications of the county engineer, for a lump sum of $15,885. The specifications called for certain grading, estimated by the county engineer at 10,152 cubic yards, as well as concrete and bridge work. Appellant, before making his bid, conferred with the respondent as to the terms upon which he would do the necessary grading, and when the commissioners awarded the contract to the appellant, he prepared and submitted to respondent a writing which reads:

"I hereby agree to do all grading necessary on Road No. 12B for 30c per cu. yd. 32½c where any shooting is required in ditches."

This writing was signed by respondent and accepted in writing by appellant Malott. Both parties, apparently, then knew of the estimate which had been made by the county engineer of the yardage to be moved. The work progressed to completion and acceptance, monthly payments being made to respondent according to the county engineer's monthly estimates. When the time for final settlement arrived, a dispute arose, appellant claiming that respondent was bound by the original preliminary estimate of yardage as made by the county engineer, and respondent claiming that he was entitled to payment for the yardage actually moved; that there had been a change of grade and that such yardage actually moved greatly exceeded the county engineer's preliminary estimate.

It is admitted throughout that the county engineer did not measure the yardage moved after the work

was done, but, denying any change of grade, he took the position that no subsequent measurement was necessary or would have resulted in any variation from the preliminary estimate.

Respondent introduced direct testimony to the effect that a substantial change of grade was made during the progress of the work, and called as witnesses engineers whom he had employed to measure the yardage moved by him after the work was completed. They gave testimony based upon the finished work. In corroboration of this testimony, evidence was received based upon the time and equipment used as to the average movement of earth under like conditions.

Appellant makes three main contentions which, as we understand them, are substantially as follows:

(1) That respondent's contract bound him to accept the preliminary estimate of the county engineer as to the amount of earth to be moved, or that it amounted to a lump sum contract for the grading, except as the amount might be increased by the necessity for using explosives;

(2) Irrespective of the contract, appellant contends that the county engineer's preliminary estimate is binding, because the evidence that any greater yardage was moved is based upon speculation and conjecture; and,

(3) It is contended that, by accepting the monthly estimates of the county engineer as the work progressed, respondent estopped himself from asserting that the preliminary estimate does not govern.

So far as the construction of the contract goes, we think the writing speaks for itself. It would have been a simple thing to have said that the grading would be performed for a specified lump sum plus 2½c per cu. yd. where explosives were required, but instead of so stating, language is used which, given its

ordinary meaning, indicates that payment is to be based on the yardage actually moved; and there is thus an implication, at least, that the work would be measured and the yardage determined after performance.

■ It is true that some of the evidence received bordered on the speculative and conjectural, but the law requires only that the best possible evidence be produced, and is satisfied with the best that can be had in such a case as this. Moreover, the evidence as to change of grade and that of the respondent's engineers who measured the work after completion was all admissible under every rule. Estimates as to averages and as to what the equipment employed should produce were corroborative, and tended to show that the results of the actual measurement as testified to were reasonable and probably true. We cannot say that there was any abuse of discretion in the admission of evidence.

■ Nor does the record here disclose anything partaking of the nature of estoppel. Respondent took what was offered him each month as the work progressed, apparently depending upon a final estimate which would compensate him for the yardage moved. When the final settlement was offered, he made known his claims to a much greater yardage, and for aught that appears, his claim was made in ample time to permit the appellant (if he had any rights in that respect) to adopt the claim of the changed grade and urge it against the county in his own behalf. The fallacy in appellants' case is the failure to measure the work after it was done. If the county engineer had so measured the work, aided by his profiles and cross-sectioning done in advance, he might perhaps have arrived at a conclusion which could have been demonstrated to be correct; and in that event a condi-

tion would have been presented which would have made the authorities, now relied upon, in point. But, as between a preliminary estimate made before the work began and an actual measurement made after it was completed, although there was a possibility of some minor errors through lack of knowledge of holes and ditches which might have entered into what became borrow pits, we think the question was for the jury.

In harmony with his theory of the case, appellant requested an instruction to the effect that respondent's claim for anything more than 10,152 cu. yds. estimated by the county engineer was based *solely* upon the contention that the grade was so changed as to increase the yardage, thus practically telling the jury that the plaintiff could recover only if they found that the grade had been so changed. This instruction was refused and we think properly so. Respondent was claiming, not alone a change of grade, but that, irrespective of any such change, the actual yardage which he had been required to move greatly exceeded that which had been estimated, and since his contract entitled him to payment for each and every yard which he was required by the county engineer to move, his recovery would be governed by the yardage moved, without regard to the reason why the preliminary estimate was exceeded and whether or not the grade had been changed.

Other errors are assigned upon instructions given and refused, but we find no prejudicial error in any such rulings and the matters are not deemed of sufficient importance to justify further discussion.

The judgment appealed from is affirmed.

MITCHELL, C. J., PARKER, BEALS, and MILLARD, JJ., concur.